IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORGE PEREZ-ROBLES,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | 1:16-cv-00128 MJS HC<br><br>**ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF NORTH CAROLINA** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 25, 2016, Petitioner, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of California. Petitioner was convicted and sentenced in the Eastern District of California, but is currently incarcerated at Rivers Correctional Institution in Winton, North Carolina. Rivers Correctional Institution is located in Hertford County, North Carolina, and within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

A challenge to the execution of a federal sentence is properly brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). And it is preferably brought in the district of confinement.

See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (noting that even if district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined); see also Rumsfeld v. Padilla, 542 U.S. 426, 159 L. Ed. 2d 513, 124 S. Ct. 2711, 2722 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). In the interests of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a). In this case, Petitioner is not challenging his sentence. Instead he is challenging the Bureau of Prison's decisions not to place him in a prison facility within 500 miles of his family or allow him to participate in the prison substance abuse treatment program. Accordingly, such challenges are to the execution of his sentence rather than to his conviction, and should be brought in the district of confinement.

In the interests of justice, the Court HEREBY ORDERS the instant action be transferred to the United States District Court for the Eastern District of North Carolina.

IT IS SO ORDERED.

Dated:   January 31, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

2